**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL DEREK JACKSON, JR.,<br><br>            Petitioner,<br><br>     v.<br><br>MARION E. SPEARMAN, Warden,<br><br>            Respondent. | Case No. 1:14-cv-00606-SKO-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE (DOC. 1), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by Petitioner and filed on May 7, 2014. Pending before the Court is the petition, which was filed on March 10, 2014, and transferred to this Court on April 25, 2014.

///
///

1

I.  <u>Screening the Petition</u>

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990); <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75 n.7 (1977)).  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d at 491.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).  A petition for habeas corpus, however, should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971).

II. Background

Petitioner alleges that he is serving a sentence imposed in the Kern County Superior Court for a conviction of violating Cal. Pen. Code § 288. (Pet., doc. 1; memo., doc. 9, 14.) In the petition, Petitioner alleges that he was actually innocent of the conviction, and he challenges his conviction on the grounds that he suffered the ineffective assistance of counsel and a violation of due process based on video evidence. (Doc. 9, 1-4, 6, 10).

However, the present petition is not the first petition filed by Petitioner in which he has challenged this judgment. The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

In Samuel Derek Jackson v. James E. Tilton, CDC Undersecretary, case number 1:07-cv-01334-AWI-WMW, on January 20, 2009, the Court ruled on the merits on Petitioner's petition for writ of habeas corpus that challenged Petitioner's conviction of violating Cal. Pen. Code § 288. (Fndgs. & recs. on mot. to dismiss, filed October 24, 2008, doc. 20, p. 1; ord. adopting, doc. 22, filed January 20, 2009; judgment for Respondent, doc. 23, entered January 20, 2009.) Petitioner filed an appeal from the judgment, but the Court of Appeals for the Ninth Circuit declined to issue a certificate of appealability, and the appeal was terminated on August 30, 2010. (Docs. 26, 35, 36.)

///
///

### III. Successive Petition

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

Under the AEDPA, a federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The Court must also dismiss a second or successive petition raising a new ground concerning the same judgment unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and the new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition. Section 2244(b))3)(A) provides, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he or she can file a second or successive petition in the district court. See, Felker v. Turpin, 518 U.S. 651, 656-57 (1996). This Court must dismiss any claim presented in a second or

1  successive habeas corpus application under section 2254 that was
2  presented in a prior application unless the Court of Appeals has
3  given Petitioner leave to file the petition.  28 U.S.C.
4  § 2244(b)(1).  This limitation has been characterized as
5  jurisdictional.  Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper
6  v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001).
7       A disposition is "on the merits" if the district court either
8  considered and rejected a claim, or determined that an underlying
9  claim would not be considered by a federal court.  McNabb v. Yates,
10 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Howard v. Lewis, 905
11 F.2d 1318, 1322 (9th Cir. 1990)).  A dismissal of a federal habeas
12 petition on the ground of untimeliness is a determination "on the
13 merits" for purposes of the rule against successive petitions such
14 that a further petition challenging the same conviction is "second
15 or successive" for purposes of 28 U.S.C. § 2244(b).  McNabb v.
16 Yates, 576 F.3d at 1029-30.  Such a dismissal is a permanent and
17 incurable bar to federal review of the underlying claims.  Id. at
18 1030.
19      Here, the first petition concerning Petitioner's conviction was
20 dismissed on the ground that it was untimely.  Thus, the petition
21 was adjudicated on the merits.
22      Petitioner makes no showing that he has obtained prior leave
23 from the Ninth Circuit to file his successive petition attacking the
24 convictions.  Thus, this Court has no jurisdiction to consider
25 Petitioner's renewed application for relief from the conviction
26 under section 2254 and must dismiss the petition.  See, Felker v.
27 Turpin, 518 U.S. 651, 656-57; Burton v. Stewart, 549 U.S. 147, 152;
28 Cooper v. Calderon, 274 F.3d 1270, 1274.  If Petitioner desires to

proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the

6

applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

V. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED as successive;

2) The Court DECLINES to issue a certificate of appealability; and

3) The Clerk is DIRECTED to close this action because the dismissal terminates the action in its entirety.


IT IS SO ORDERED.

Dated:   **May 9, 2014**                    /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

7