**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL DEREK JACKSON, JR.,<br><br>            Petitioner,<br><br>      v.<br><br>MARION E. SPEARMAN, Warden,<br><br>            Respondent. | Case No. 1:14-cv-00606-SKO-HC<br><br>ORDER DEEMING PETITIONER'S FILING TO BE A MOTION FOR RECONSIDERATION OF THE DISMISSAL OF THE PETITION (DOC. 21)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DOC. 21) AND DISMISSING AS MOOT PETITIONER'S MOTIONS FOR COUNSEL AND COPIES (DOC. 21)<br><br>ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., doc. 1, 7.) The petition was initially filed in the United States District Court for the Northern District of California, but it was subsequently transferred to this district. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting Petitioner's consent in a writing signed by

Petitioner and filed on May 7, 2014.  On May 12, 2014, the petition was dismissed as successive, and judgment was entered.

On May 19, 2014, Petitioner filed a petition for a writ of habeas corpus that bore the number of the present proceeding assigned when it was initially filed in the Northern District of California, contained no statement of facts or legal grounds for relief, sought unspecified emergency relief, and was signed by Petitioner and dated March 17, 2014.  (Doc. 21, 1-7.)  The document directs the reader to the attached declaration of Laurince O'Sheigh Simpson, another inmate whose signature as Petitioner's "Counsel Substitute/Work-Product Drafter" also appears on the petition that was previously dismissed by the Court.  (Id. at 7; doc. 1, 7.)

In the declaration, Simpson explains that due to transfer to a new custodial institution, the papers submitted were delayed in the mails and were not received within a twenty-eight-day period specified in an undated communication from the Northern District bearing a file stamped date of March 10, 2014.  Petitioner was informed that he had not attached a petition to his pleading and would suffer dismissal within twenty-eight days if the defect were not corrected.  (Doc. 21, 13.)  Simpson alleges that Petitioner desired that Simpson initiate and prosecute the instant proceeding, and he requests that once the Court ascertains that Petitioner so desires, the Court 1) accept the papers as well as future filings signed by him as substitute counsel for Petitioner, 2) serve all papers on both Petitioner and Simpson and/or appoint counsel, and 3) make and send copies of the declaration to them.  (Id. at 9-13.)

Also attached is a form signed by Petitioner that bears no heading or proceeding number but indicates that on the same date,

2

namely, March 17, 2014, Petitioner declined to consent to the jurisdiction of the Magistrate Judge. (Id. at 8.)

### I. Deeming the Filing to Be a Motion for Reconsideration

In his document filed on May 19, 2014, Petitioner appears to be requesting the Court to consider the document dated March 17, 2014, in which Petitioner purports to decline consent to Magistrate Judge jurisdiction, and therefore to reconsider the Court's dismissal of the petition.

Accordingly, Petitioner's filing of May 19, 2014, is DEEMED to be a motion for reconsideration of the dismissal of his petition.

### II. Motion for Reconsideration

A motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) where, as here, it is filed within the time limit set by Rule 59(e). United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992). Otherwise, it is treated as a motion pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment or order. American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892, 989-99 (9th Cir. 2001). A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

#### A. Relief pursuant to Fed. R. Civ. P. 59(e)

Petitioner does not state grounds sufficient to warrant relief pursuant to Fed. R. Civ. P. 59(e), which is appropriate when there are highly unusual circumstances, the district court is presented with newly discovered evidence, the district court committed clear error, or a change in controlling law intervenes. School Dist. No. 1J, Multnomah County, Oregon v. AcandS, Inc., 5 F.3d 1255, 1262 (9th

Cir. 1993). To avoid being frivolous, such a motion must provide a valid ground for reconsideration. See, MCIC Indemnity Corp. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

### 1. Consent to Magistrate Judge Jurisdiction

Petitioner appears to contend that the dismissal of his petition by the Magistrate judge should be vacated because Petitioner signed a document in March 2014 declining consent to Magistrate Judge jurisdiction.

Although a party to a civil case in a federal district court generally has a constitutional right to proceed before an Article III judge, the right may be waived, and a party may consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in a case. Dixon v. Ylst, 990 F.2d 478, 479-80 (9th Cir. 1993); Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. den. 469 U.S. 824 (1984). Once a civil case is referred to a Magistrate Judge under section 636(c) pursuant to the consent of the party, the reference can be vacated by the Court only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party...." 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); Dixon v. Ylst, 990 F.2d at 480. There is no absolute right to withdraw consent to proceedings before a Magistrate Judge. Id. It is proper not to vacate a reference where a party has consented in a signed writing to Magistrate Judge jurisdiction, the party fails to make a motion to vacate the reference supported by a showing of extraordinary circumstances, and the Court does not sua sponte find good cause for withdrawal of consent. Id.

///

In March 2014 when this case was pending in the Northern District, Petitioner signed a document declining to consent. However, the docket shows that Petitioner later filed in the Northern District on April 15, 2014, a signed consent to Magistrate Judge jurisdiction dated April 9, 2014.  After the petition was transferred to this district on or about April 24, 2014, this Court issued another order regarding consent, and Petitioner filed in this district on May 7, 2014, another signed, written consent to Magistrate Judge jurisdiction dated May 3, 2014.

The case thereafter proceeded before the undersigned Magistrate Judge pursuant to Local Rule 301, which provides that upon the consent of all appearing parties, Magistrate Judges are specially designated to conduct any and all proceedings in any civil action, including the conduct of trials and the entry of final judgment, in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(a)(5) and (c).  Further, Appendix A to the Local Rules of the United States District Court, Eastern District of California expressly provides that in a habeas corpus action, following notice regarding consent to assignment, if not all named parties have appeared but all who have appeared have consented, the Magistrate Judge shall act in the action pursuant to 28 U.S.C. § 636(c) until the action is reassigned to a District Judge.  App. A (k)(3), (4).

Here, Petitioner twice consented in writing to Magistrate Judge jurisdiction after the date he signed the document he now contends is a basis for reconsideration of the dismissal.  Petitioner clearly manifested his consent to Magistrate Judge jurisdiction, and he has shown no good cause or other basis for withdrawal of consent. Further, Petitioner has not shown or suggested how dismissal of his

successive petition was erroneous.

Accordingly, to the extent that Petitioner may be seeking to withdraw his consent to Magistrate Judge jurisdiction, Petitioner has shown no good cause, and any purported withdrawal will be disregarded. To the extent Petitioner bases his motion for reconsideration on the document declining consent, he has failed to demonstrate unusual circumstances, newly discovered evidence, or an intervening change in controlling law. The dismissal of Petitioner's petition was not clearly erroneous.

Accordingly, Petitioner has not shown a basis for relief pursuant to Rule 59(e).

B.  Relief pursuant to Fed. R. Civ. P. 60

In an abundance of caution, the Court will consider Petitioner's motion pursuant to Rule 60.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on grounds including but not limited to 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; or 4) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, and in some instances, within one year after entry of the order. Fed. R. Civ. P. 60(c).

Rule 60(b) generally applies to habeas corpus proceedings. See, Gonzalez v. Crosby, 545 U.S. 524, 530-36 (2005). Although the Court has discretion to reconsider and vacate a prior order, Barber

6

v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994), motions for reconsideration are disfavored.  A party seeking reconsideration must show more than a disagreement with the Court's decision and must offer more than a restatement of the cases and arguments considered by the Court before rendering the original decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  Motions to reconsider pursuant to Rule 60(b)(1) are committed to the discretion of the trial court, Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983), which can reconsider interlocutory orders and re-determine applications because of an intervening change in controlling law, the availability of new evidence or an expanded factual record, or the need to correct a clear error or prevent manifest injustice, Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

    Local Rule 230(j) provides that when any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including information concerning the previous judge and decision, what new or different facts or circumstances are claimed to exist which did not exist or were not shown in such prior motion, what other grounds exist for the motion, and why the facts or circumstances were not shown at the time of the prior motion.

Here, Petitioner has not shown any law or facts that reflect any abuse of discretion, clear error, or manifest injustice. The Court concludes that Petitioner has not shown entitlement to relief pursuant to Rule 60(b).

Accordingly, Petitioner's motion for reconsideration will be denied.

### III. Motions for Counsel and Copies

The Court has determined that Petitioner's motion for reconsideration of the Court's dismissal of his successive petition is without merit and will be denied. Accordingly, Petitioner's motions concerning another inmate proceeding as his counsel and for copies of documents in the ongoing proceedings will be dismissed as moot.

### IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). A petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S.

8

at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the matters before the Court should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court will decline to issue a certificate of appealability.

V.  Disposition

Based on the foregoing, it is ORDERED that:

1)  Petitioner's motion for reconsideration of the dismissal of his petition, which was filed on May 19, 2014, is DENIED; and

2)  Petitioner's motions concerning counsel and for copies of documents are DISMISSED as moot; and

///
///
///

9

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 27, 2014**                              **/s/ Sheila K. Oberto**
                                                                      UNITED STATES MAGISTRATE JUDGE